**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| 3D SCAN GUIDE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CHROME FULL ARCH GUIDED SYSTEMS; and ROE DENTAL LABORATORY, INC.,<br><br>        Defendants. | CIVIL ACTION NO.  2:23-CV-194-JRG |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) OR IN THE
ALTERNATIVE TO TRANSFER PURSUANT TO 28 U.S.C. § 1406**

I. **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants ROE Dental Laboratory, Inc. ("ROE") and Chrome Full Arch Guided Systems (collectively, "Defendants") move to dismiss the Complaint by Plaintiff 3D Scan Guide LLC ("3D Scan"). In the alternative, Defendants move to transfer this case to the Northern District of Ohio pursuant to 28 U.S.C. § 1406.

The Complaint should be dismissed or transferred for improper venue because ROE does not reside or have a regular and established place of business in this District. As an initial matter, while Plaintiff has purported to sue two entities, in reality it has sued one. Chrome Full Arch Guided Systems is not its own legal entity. It is an assumed name, or trade name (frequently referred to as "d/b/a"), of Defendant ROE. In other words, ROE and Chrome Full Arch Guided Systems are one and the same, and there is only one legal entity that is a defendant: ROE. Thus, the questions are whether ROE resides in this District or has a regular and established place of business in this District. The answers to both questions are the same: "No."

ROE does not "reside" in this District because it is incorporated—and thus "resides"—in Ohio, where it is headquartered. ROE also does not have a "regular and established place of business" in this District because it owns and operates no physical locations in the District and has no employees in the District. Though ROE has authorized dealers in this District, they are independent businesses, not agents, under the precedent of this Court and the Federal Circuit. They are not owned, operated or controlled by ROE. Therefore, this case should be dismissed for improper venue, or, in the alternative pursuant to 28 U.S.C. § 1406, transferred to the Northern District of Ohio, where ROE is headquartered.

## II.     FACTUAL BACKGROUND

3D Scan alleges that ROE and Chrome Full Arch Guided Systems infringe (and induce and contribute to infringement) of U.S. Patent RE 47,368 by making and selling the CHROME GuidedSMILE surgical system for installing full jaw dental protheses. *See* generally D.N. 1.  In the Complaint, 3D Scan alleges that Chrome Full Arch Guided Systems is an unincorporated entity of unknown legal status and that ROE is a New York corporation.  D.N. 1, ¶¶ 2 and 3.  3D Scan further alleges that Chrome Full Arch Guided Systems maintains business locations in this District Richardson and Wylie, Texas.  D.N. 1 at ¶ 2.

3D Scan's allegations are simply wrong.  In fact, ROE is incorporated in Ohio, not New York, and is headquartered in Independence, Ohio.  Declaration of Bruce J. Kowalski ("Kowalski Decl."), ¶ 2.  ROE is full-service dental laboratory that specializes in high-quality, American-made dental restorations.  *Id.*  Chrome Full Arch Guided Systems is not a legal entity at all, but rather an assumed name of ROE.  Kowalski Decl. ¶ 3.

ROE has multiple facilities in the State of Ohio, and one facility outside of Ohio in Jamestown, New York.  Kowalski Decl. ¶ 4.  But it has no facilities in Texas.  Kowalski Decl. ¶ 12.  When ROE established its facility in Jamestown, New York, ROE incorporated a *separate* entity in New York also named ROE Dental Laboratory, Inc.  Kowalski Decl. ¶ 5.  The New York corporation has remained idle since that time and has never conducted any business.  *Id.*  ROE is the sole legal entity making and selling the CHROME GuidedSMILE products accused of infringement in this litigation.  Kowalski Decl. ¶ 6.

CHROME GuidedSMILE products are sold directly by ROE and through authorized dealers, called Chrome Labs.  Kowalski Decl. ¶ 7.  Chrome labs are independent businesses that are customers of ROE and authorized to sell CHROME GuidedSMILE products.  *Id.*  Before an

independent business becomes an authorized dealer, its personnel must undergo training about CHROME GuidedSMILE. Kowalski Decl. ¶ 8. As part of the training, the future dealer must sign a non-disclosure agreement, the terms of which are available at http://www.chromeguidedsmile.com/nda/. *Id.* Other than this non-disclosure agreement, there are no agreements between ROE and its authorized dealers aside from orders and invoices generated when they do business with each other. Kowalski Decl. ¶ 9.

ROE has no ownership in, and exercises no control over, either of the authorized dealers identified in the Complaint: Wesbrook, a MicroDental Lab, located in Richardson, Texas, and Helm Dental Laboratory, located in Wylie, Texas. Kowalski Decl. ¶ 10. More generally, ROE has no ownership in, and exercises no control over, Chrome Labs other than ROE's own facilities in Ohio. Kowalski Decl. ¶ 11. ROE has no facilities or employees located in the State of Texas. Kowalski Decl. ¶ 12.

## III.  STATEMENT OF LAW

Federal Rule of Civil Procedure 12(b)(3) provides for dismissal of a case when venue is improper. "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961). Venue in a patent case is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 258 (2017) (quoting 28 U.S.C. § 1400(b)). Plaintiff bears the burden of establishing proper venue. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018).

For purposes of § 1400(b), a domestic company "resides" only in the State in which it is incorporated. *TC Heartland LLC*, 581 U.S. at 267-268. A defendant has "a regular and established place of business" in a District when three requirements are met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). In addition to a regular, physical place of the defendant in the district, "a 'place of business' generally requires an employee or agent of the defendant to be conducting business at that place." *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020). A business or contractual relationship short of a formal agency, even one providing significant control, is insufficient to establish agency for the purposes of venue. *In re Volkswagen*, 28 F.4th 1203, 1209-14 (Fed. Cir. 2022) (holding that independent car dealerships did not constitute regular and established places of business of the defendant car manufacturers); *see also Arigna Tech. Ltd. v. Volkswagen AG, et al.*, Case No. 2:21-cv-00054-JRG-RSP, Dkt. No. 468 (E.D. Tex. April 28, 2022) (applying the Federal Circuit's *In re Volkswagen* decision and dismissing cases against car manufacturer defendants).

Doing business in a District cannot, by itself, support a finding of venue in a patent case. *In re Cray Inc.*, 871 F.3d at 1361 ("As the district court correctly stated, "the regular and established place of business standard requires more than. . . the doing business standard of the general venue provision[.]") (internal citations omitted).

IV.     **ARGUMENT**

Venue in this District is improper because ROE does not "reside" and has no "regular or established place of business" in this District. Authorized dealers owned and controlled by third parties are not places of business of ROE. And since ROE does not have a regular and established place of business in this District, the venue flaw cannot be remedied; any amendment would be

futile. Should the Court be inclined to transfer rather than dismiss this case due to improper venue, then, pursuant to § 1406, the case should be transferred to the Northern District of Ohio, where ROE is incorporated and has its principal place of business.

### 1. ROE Does Not "Reside" In This District

For venue pursuant to 28 U.S.C. § 1400(b), a corporate defendant "resides" only in its State of incorporation. *TC Heartland*, 581 U.S. at 267-268. ROE is an Ohio corporation headquartered in Independence, Ohio. Kowalski Decl., ¶ 2. As a result, ROE does not "reside" in this District. Chrome Full Arch Guided Systems is the assumed name of ROE, and they are one and the same entity. Kowalski Decl., ¶ 3. Accordingly, Chrome Full Arch Guided Systems does not reside in this district either.

### 2. ROE Does Not Have A "Regular And Established Place Of Business" In This District.

ROE also does not have a "regular and established place of business" in this District. For ROE to have one: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360. ROE's principal place of business is in Independence, Ohio. Kowalski Decl., ¶ 2. ROE has other facilities in Ohio, and one in New York, but none in this District. Kowalski Decl., ¶¶ 4, 12.

### 3. Authorized Third-Party Dealers are not "Regular and Established Places of Business" of ROE.

The Complaint purports to establish venue by alleging that Chrome Full Arch Guided Systems has Chrome Labs in this District. D.N. 1, ¶ 2. Those Chrome Labs are, in fact, independent businesses that are ROE's customers and authorized dealers. Kowalski Decl., ¶¶ 7-10.

When a plaintiff attempts to rely upon locations of third party, independent business to establish venue under § 1400(b), courts analyze whether the third party businesses are "agents of [the defendant] under a proper application of established agency law." *Volkswagen*, 28 F.4th at 1208.  "The essential elements of agency are (1) the principal's right to direct or control the agent's actions, (2) the manifestation of consent by the principal to the agent that the agent shall act on his behalf, and (3) the consent by the agent to act." *Id.* at 1209 (quoting *In re Google*, 949 F.3d 1338, 1345 (Fed. Cir. 2020)).  The Federal Circuit has "emphasized that the control required in an agency relationship is one of 'interim control." *Id.*  It is "[t]he power to give interim instructions" that "distinguishes principals in agency relationships from those who contract to receive services by persons who are not agents." *Google*, 949 F.3d at 1346.  Thus, when analyzing the extent to which a contractual relationship between two separate entities gives rise to an agency relationship, the case law "distinguishes between contractual provisions potentially evidencing interim control," (e.g., the provision of step-by-step directions), with contractual provisions "that merely provide constraints on how a service is provided." *Volkswagen*, 28 F.4th at 1209.  "Thus, setting standards in an agreement for acceptable service quality does not of itself create a right of control." *Id.* at 1209-10 (quoting Restatement § 1.01(f)(1)).

Here, ROE exercises no control over the authorized dealers in this District.  Kowalski Decl., ¶ 10.  Beyond a non-disclosure agreement signed when the dealer receives training about ROE's product, there are no agreements between ROE and the dealers apert from the orders and invoices generated as part of their business transactions.  Kowalski Decl., ¶¶ 8-9.  None of these agreements provide for the level of interim control required to qualify the independent distributors as agents of ROE.  The non-disclosure agreement contains various provisions governing the confidentiality of ROE information provided to independent distributors.  Kowalski Decl., ¶ 8.  It

7

also contains a non-solicitation agreement which prevents independent distributors from hiring ROE's employees, and stipulates that distributors will be designated as inactive and lose their ability to purchase products from ROE if they have six months of no sales, among other things. *Id.* The orders and invoices carry no further terms and conditions besides the product being ordered and the price of that product. Kowalski Decl., ¶ 9.

Nothing in this arrangement comes close to making the dealers ROE's agents for purposes of venue. For example, once the accused products leave ROE's possession, ROE retains "no authority over the manner in—or price for—which the" products will be sold. *Volkswagen*, 28 F.4th at 1212. "[T]here are no 'step-by-step' instructions from [ROE] that [distributors] must follow when selling a [product] to a customer." *Id.* And nothing in these agreements removes the distributors' ability to maintain "full control over their day-to-day operations, such as sales." *Id.* At most, there are "various placed on the [distributors] that are arguably related to sales [e.g., relegation to inactive status after six months of no sales], but none of these provisions evidence any control over the sales process itself." *Id.* at 1211.

For these reasons, the relationship between ROE and its independent distributors—much like the relationship between the car manufacturer defendants and the independent car dealerships in *Volkswagen*—does not amount to an agency relationship. And because the independent distributors are not agents of ROE, their places of business do not constitute places of business of ROE.

V.  **CONCLUSION**

For the reasons discussed above, the Complaint should be dismissed for improper venue, or alternatively transferred to the Northern District of Ohio.

Dated: July 6, 2023                      Respectfully submitted,

                                              */s/ Melissa R. Smith*
                                     Melissa R. Smith
                                     Texas Bar No. 24001351
                                     **GILLAM & SMITH, LLP**
                                     303 South Washington Avenue
                                     Marshall, Texas 75670
                                     Telephone: (903) 934-8450
                                     Facsimile:  (903) 934-9257
                                     melissa@gillamsmithlaw.com

                                     ***Attorney for Defendants***
                                     ***Chrome Full Arch Guided Systems***
                                     ***and Roe Dental Laboratory, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on this 6th day of July 2023.

 /s/ *Melissa R. Smith*
Melissa R. Smith