IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 3D SCAN GUIDE LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00194-JRG |
| | § | |
| CHROME FULL ARCH GUIDED SYSTEMS | § | |
| and ROE DENTAL LABORATORY, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(3) or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1406 (the "Motion"). (Dkt. No. 7.) Plaintiff opposes the Motion and requests leave to conduct targeted discovery in the alternative. (Dkt. No. 12.) For the following reasons, the Court finds that ruling on the Motion should be **CARRIED** until targeted jurisdictional discovery is complete and supplemental briefing has been filed.

Plaintiff requests discovery regarding:

> (i) the details of Defendant's training of its local agents and the extent to which such training is ongoing; (ii) the extent to which Defendant maintains any measure of control over the performance of infringing procedures as carried out by its local agents; (iii) the manner in which Defendant ensures compliance with its training protocols; (iv) the means by which Defendant carries out due diligence prior to accepting a local agent into its program; (v) the provision of signage or other marketing materials from Defendant to its local agents; (vi) the provision of equipment from Defendant to its local agents for their use in carrying out business for the benefit of Defendant; (vii) the extent to which Defendant maintains any inventory or equipment at the locations of its local agents; (viii) the form and content of invoices from local agents to Defendant; (ix) the offering and servicing of consumer warranties as between Defendant and its local agents; (x) the means by which the "Contact Lab" feature of Defendant's website functions; and (xi) any agreements relating to the inclusion of local agents on Defendant's website.

(Dkt. No. 12 at 5–6.)

In reply, Defendants argue that that much of this discovery would be irrelevant under *In re Volkswagen*, 28 F.4th 1203 (Fed. Cir. 2022) and thus futile. (Dkt. No. 13 at 3–4 (citing *Parallel Licensing LLC v. Arrow Elecs., Inc.*, 2022 U.S. Dist. LEXIS 90422, at *17 (E.D. Tex. May 19, 2022) (denying plaintiff's alternative request for venue discovery because "additional discovery would not uncover additional facts to support venue in this District")).)

The Court finds that Plaintiff's requested discovery would not be futile under *Volkswagen,* 28 F.4th 1203. There, the Federal Circuit found that the District Court abused its discretion in failing to dismiss the case for improper venue because there was no agency relationship between the named defendant and the entities operating the locations in the district. *Id.* at 1214. Defendants here assert that "training, transfer controls, inventory requirements and equipment requirements were all present in *In re Volkswagen*, yet not relevant to establishing venue." (Dkt. No. 13 at 3.) Notably, Defendants do not provide a specific citation to *Volkswagen* when making this assertion. Any assertion would wrong. The Federal Circuit did not hold that any of these facts were ***irrelevant***. The Federal Circuit held that certain similar facts were insufficient under the specific facts of that case to establish an agency relationship. *See Volkswagen,* 28 F.4th at 1214. These are not the same thing.

The Court notes that the parties take opposite positions on certain factual matters. For example, Plaintiff asserts that Defendant ROE Dental Laboratory ("ROE") is a New York corporation. (Dkt. No. 1 at ¶¶ 2, 3.) Meanwhile Defendants assert that ROE is incorporated in Ohio. (Dkt. No. 7 at 3.) Further, Defendants open their reply brief with "Plaintiff 3D Scan Guide, LLC … makes ***counterfactual*** arguments in support of venue … . Under the ***actual facts*** and the governing law, 3D Scan's Complaint should be dismissed for improper venue," (Dkt. No. 13 at 1

(emphasis supplied).) These types of statements not only support the need for targeted venue discovery, they do not bode well for the future conduct of counsel in this case.

In light of the foregoing, the Court is persuaded that the parties and the Court would benefit from targeted venue discovery in this case. Accordingly, it is **ORDERED** that venue discovery shall be undertaken herein and completed within seventy-five (75) days of this Order. Upon completion of venue discovery, Defendants are **ORDERED** to file a supplemental brief not to exceed ten (10) pages explaining how the venue discovery supports its Motion, and Plaintiff is **ORDERED** to file a reply to such supplement, not to exceed ten (10) pages, within seven (7) days of the filing of Defendants' supplement, explaining how the venue discovery strengthens their opposition. The Court hereby **CARRIES** the Motion until such discovery and supplemental briefing are complete.

**So ORDERED and SIGNED this 25th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE