# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| 3D SCAN GUIDE LLC, *Plaintiff*, vs. CHROME FULL ARCH GUIDED SYSTEMS; and ROE DENTAL LABORATORY, INC., *Defendants*. | Civil Action No: 2:23-cv-194 JURY TRIAL DEMANDED |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THE MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) OR IN THE ALTERNATIVE TO TRANSFER PURSUANT TO 28 U.S.C. § 1406

Pursuant to the Court's Order dated August 25, 2023 (D.N. 21), Defendants submit this supplemental brief explaining how venue discovery taken by plaintiff 3D Scan Guide, LLC ("3D Scan") supports their motion to dismiss for improper venue, or alternatively, transfer the litigation to the Northern District of Ohio.

I.   **Venue Discovery**

For its venue discovery, 3D Scan served one set of document requests and one set of interrogatories. Defendants timely responded to both on September 29, 2023. A copy of the response to the interrogatories, redacted to remove confidential information, is attached as Exhibit A. The response to the document requests is attached as Exhibit B. Defendants also produced responsive documents on September 29, 2023. Two pages of those responsive documents, which are relevant to the discussion below, are attached as Exhibit C. 3D Scan did not seek any further discovery after Defendants' September 29th responses and document production.

The venue discovery shows that Defendants have two authorized dealers (called "Chrome Labs") in the Eastern District of Texas. Defendants' website identifies those dealers as Helm Dental Laboratory in Wylie, Texas and Westbrook, a MicroDental Lab, in Richardson, Texas. *See* Exhibit C. The address and telephone numbers for Helm and Westbrook are set out on Defendants' website, and if the "Contact Lab" button is selected on Defendants' website, an email is sent directly to the lab (respectively to "sarahelm" at Helm Dental Lab and to "pwestbrook" at MicroDental). *See* Exhibit A at pp. 6-7 and Exhibit C (displaying the email address when hovering over the "Contact Lab" button).

The product accused of infringement, CHROME, is a customized set of guided surgical elements. When Helm and/or MicroDental Laboratories, Westbrook's parent company, order CHROME, they provide patient specific data. *See* Exhibit A at pp. 3-4. Defendants review that

2

data to ensure the quality of its product.  *Id.*  After that review, metal elements of CHROME are created at a third-party facility and drop shipped to Helm and/or Westbrook in accordance with the order.  *Id.*  A data file is also provided to Helm and/or MicroDental from which they can print plastic elements of CHROME.  *Id.*  From the metal and plastic elements, Helm and/or Westbrook assemble the complete CHROME package.  *Id.*

Generally, before an independent business becomes an authorized dealer in CHROME, it must execute a non-disclosure agreement, after which its personnel undergo training on CHROME.  *See* Exhibit A at p. 2.  But, here, Defendants inherited Helm and Westbrook as authorized dealers from Watson Guide IP, LLC when Defendants licensed CHROME intellectual property from Watson Guide.  *Id.*  Because Helm and Westbrook were already experienced dealers in CHROME, Defendants neither have a non-disclosure agreement with Helm and Westbrook, nor did they provide training to Helm and Westbrook when they became authorized dealers.  *Id.*

The venue discovery reveals that Defendants maintain no control over the making, using, selling or offering for sale of CHROME by Helm or Westbrook.  *See* Exhibit A, at pp. 3-4.  Defendants also do not have a process to ensure that their authorized dealers comply with any training they are provided.  *Id.* at p. 5.  Moreover, because Helm and Westbrook were existing CHROME dealers at the time they became Defendants' authorized dealers, Defendants did not perform any due diligence when they made Helm and Westbrook authorized dealers.  *Id.* at p. 5.  Defendants have not provided Helm or Westbrook with any equipment, and they do not maintain any inventory or equipment at Helm or Westbrook.  *Id.* at pp. 5-6.  Defendants also do not offer any consumer warranties that would be serviced by Helm or Westbrook.  *Id.* at p. 6.  Finally,

Defendants have no agreements for the inclusion of Helm or Westbrook on their website. *Id.* at p. 7.

## II.     The Facts Do Not Support Venue in this District

3D Scan bears the burden of establishing that venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). The facts revealed in venue discovery do not allow 3D Scan to show that Defendants exercise control over their authorized dealers Helm and Westbrook. As such, 3D Scan cannot show that that venue is appropriate under the test in *In re Volkswagen*, 28 F.4th 1203 (Fed. Cir. 2022). In *In re Volkswagen*, the manufacture's agreement with their dealers imposed transfer restrictions, staffing and reporting restrictions, minimum inventory levels, employee training, and equipment requirements. *Id.* at 1206. The Federal Circuit held the agreements with the dealers failed to provide the kind of control over day-to-day activities of the dealers required to make them agents. *Id.* at 1210-1214. Here, discovery indicates that Defendants exercise even less control than was found insufficient to support venue in *In re Volkswagen*.

## III.    Conclusion

For the reasons discussed above and in Defendants' Motion to Dismiss, the Complaint should be dismissed for improper venue, or alternatively transferred to the Norther District of Ohio.

Dated: November 9, 2023	Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Bruce G. Chapman
Marc Karish
KARISH & BJORGUM, PC
119 East Union Street, Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile:  (213) 995-5010
bruce.g.chapman@kb-ip.com
marc.karish@kb-ip.com

***Attorney for Defendants***
***Chrome Full Arch Guided Systems***
***And Roe Dental Laboratory, Inc.***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3).  As such, this document was served on all counsel who have consented to electronic service via the Court's CM/ECF system, on this 9th day of November 2023.

/s/ Melissa R. Smith
Melissa R. Smith